**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**GARRETT STEPHENS, et al.,**

    **Plaintiffs,**

**v.**                                             **Case No. 8:04-cv-2643-T-30TBM**

**HOFFMANN-LA ROCHE, INC., et al.,**

    **Defendants.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendants Hoffman-La Roche, Inc. and Roche Laboratories, Inc's (hereinafter collectively "Defendants") Motion for Summary Judgment as to Plaintiff Andrew Messick (Dkt. 27), Plaintiff Messick's (hereinafter "Messick") Response in Opposition to the same (Dkt. 29), Defendants' Supplemental Motion for Summary Judgment as to Plaintiff Andrew Messick and Alternative Motion to Compel Discovery (Dkt. 39) and Plaintiff Diane Reed's[1] Supplemental Evidentiary Response to Defendant Motion for Summary Judgment (Dkt. 40).

### **I. PROCEDURAL BACKGROUND**

On March 15, 2006, Defendants filed their Motion for Summary Judgment arguing they were entitled to said relief because Messick lacked standing to bring the instant claim and was barred from bringing suit under the doctrine of judicial estoppel (Dkt. 27 at 1).

---

[1] Plaintiff Reed is the Bankruptcy Trustee for Messick's bankruptcy estate as was substituted as the named party in this matter on August 3, 2006 (Dkt. 38).

Specifically, Defendants argued that because Messick filed for bankruptcy after filing this lawsuit and failed to include the lawsuit on his schedule of assets, he lacked standing to pursue this personal injury claim. Additionally, Defendants argued that Messick is judicially estopped from pursuing his claim because he concealed his claim against Defendants from the Bankruptcy Court and his creditors (Dkt. 27 at 8).

Thereafter Messick, in addition to filing a response to Defendants' Motion (Dkt. 29), filed a Motion to Continue as to Summary Judgment Response (Dkt. 28) asking this Court to "continue the submission of Defendant's Motion for Summary Judgment . . . to permit Messick time to reopen his bankruptcy and allow the United States Trustee to be officially appointed and intervene in the case or be substituted as real party in interest." (Dkt. 28 at 1). This Court held a hearing on Messick's Motion to Continue (Dkt. 33) and thereafter granted Messick's Motion, giving him ninety (90) days in which to have the United States Bankruptcy Trustee appointed and substituted as the party in interest in this case. This Court also deferred ruling on the instant motion until the expiration of the ninety (90) day period and permitted Defendants to conduct discovery during the ninety (90) day period on the issue of judicial estoppel (Dkt. 36).

On August 3, 2006, Messick filed a Notice of Substitution of Party (Dkt. 38) wherein the Bankruptcy Trustee was substituted as the real party in interest and Messick was terminated as a party. See id. Subsequently, Defendants filed the instant motion seeking the entry of summary judgment based on solely on judicial estoppel (Dkt. 39).

**DISCUSSION**

Under the theory of judicial estoppel, a party is precluded from asserting a claim in a legal proceeding that is inconsistent with a claim taken by the same party in a previous proceeding. See Barger v. City of Carterville, Georgia, 348 F.3d 1289,1293 (11th Cir. 2003)(citing Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282 (11th Cir. 2002)). The applicability of judicial estoppel turns on two factors: (1) whether the allegedly inconsistent statements were made under oath in a prior proceeding; and (2) the inconsistencies were calculated to make a mockery of the judicial system. See Barger, 348 F.3d at 1293-94. "For purposes of judicial estoppel, intent is a purposeful contradiction - not simple error or inadvertence." Id. at 1294. However, whether to invoke judicial estoppel is left to the discretion of the court. See Parker v. Wendy's International, Inc., 365 F.3d 1268, 1272 (11th Cir. 2004) (citing Burnes, 291 F.3d at 1285).

Defendants argue that judicial estoppel applies because at the time Messick filed for bankruptcy, he had knowledge of his lawsuit and neither advised the Bankruptcy Trustee of the lawsuit nor updated his bankruptcy schedule to include the same. See Burnes, 291 F.3d at 1287-89 (finding that judicial estoppel barred claims previously undisclosed to the bankruptcy court where the debtor knew about the undisclosed claims and had a motive to conceal them from the bankruptcy court). According to Defendant, Messick has produced no evidence that his failure to disclose the lawsuit in the bankruptcy proceeding was based on lack of knowledge regarding the same, or that he had no motive to conceal the existence of the lawsuit from the trustee. See id. at 1287-88. This Court agrees, but will not invoke

judicial estoppel. Messick is not the party in interest in this case and has not been since the filing of his bankruptcy petition in 2004. See Parker v. Wendy's International, Inc., 365 F.3d 1268, 1272 (11th Cir. 2004) (stating that debtor's discrimination claim became an asset of the bankruptcy estate when the petition was filed). Messick's claims against Defendants became an asset of the bankruptcy estate at the time he filed his petition and thus the trustee became the real party in interest at that time. See id. at 1272. Defendants have produced no evidence that the bankruptcy trustee has committed any actions which warrant this court invoking judicial estoppel. Absent such evidence, summary judgment is denied. However, the motion will be denied without prejudice and this Court reserves jurisdiction on the issue of whether Messick is judicially estopped from recovering damages in excess of any amount the bankruptcy trustee may recover on behalf of the creditors.

It is therefore ORDERED AND ADJUDGED that Defendants Hoffman-La Roche, Inc. and Roche Laboratories, Inc's Motion for Summary Judgment as to Plaintiff Andrew Messick (Dkt. 27) is **DENIED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Tampa, Florida on December 13, 2006.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2004\04-cv-2643 - Motion for Summary Judgment - Accutane.frm